**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| SANDRA PARENT, in her capacity as Personal Representative of the ESTATE OF NEIL BEGIN,<br><br>PLAINTIFF<br><br>v.<br><br>U.S. CUSTOMS & BORDER PROTECTION, STATE OF MAINE, OFFICER ROBERT FLYNN, employee of the State of Maine, and U.S. Border Patrol Officers, Robert Kipler, and Rick Romann,<br><br>DEFENDANTS | **CIVIL ACTION NO.:**<br>**42 USC §1983** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff and complains against the Defendants as follows:

### JURISDICTION AND VENUE

1. This action arises under the Second, Fourth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Right Act, Title 42 of the United States Code, secs. 1983 *et seq.*, and under the laws of the State of Maine, particularly the Constitution of Maine, secs. 1, 5 and 16, the Maine Civil Rights Act, 5 M.R.S.A. sec. 4682, *et seq.*, the Maine Tort Claims Act 14 M.R.S.A. sec. 8101 *et seq.*, and the Wrongful Death Act, 18-A M.R.S.A. sec. 2804.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, sects. 1331 and 1343, and under the pendent jurisdiction of this Court.
3. Venue is established by Title 28 of the United States Code, sec. 1391(b), because the District of Maine is where all the Defendants are domiciled and where all the events giving rise to the Plaintiff's claim occurred.

**PARTIES**

4. The Plaintiff, Sandra Parent, a resident of Cyr Plantation, Maine, is the Personal Representative of the Estate of Neil Begin, late of Cyr Plantation, Maine and, in said capacity, is authorized to bring a lawsuit under the Wrongful Death Act, 18-A M.R.S.A. sec. 2804.
5. The Defendant, State of Maine (hereafter the "State Police"), is a governmental entity. The Maine State Police is a political subdivision of the State of Maine.
6. U.S. Customs and Border Protection is a federal agency, whose employees included members of the U.S. Border Patrol.
7. The individual Defendants, Maine State Police Trooper Robert Flynn (hereafter "Officer Flynn"), Border Patrol Officer Robert Kipler (hereafter "Officer Kipler"), and Border Patrol Officer Rick Romann (hereafter "Officer Romann"), are and were at all material times employed by the State of Maine and the U.S. Customs and Border Protection.

**STATE OF FACTS**

8. At the time of the events complained of, Neil Begin (variously referred to hereafter "the Decedent" or Neil Begin"), age 54. was lawfully residing at his residence, which he owned, at 111 Caribou Road, Route 1, Cyr Plantation, Maine (hereafter the "residence").

9. Neil Begin suffered from various physical disorders and had not been able to work for many years. Prior to April 23, 2010, the Decedent and the Personal Representative made numerous complaints to the Maine State Police regarding harassment they received from a neighbor, Kenneth Ouellette, Jr. and his friends. On several occasions, State Police personnel, including Officer Flynn, visited the Decedent's house, but no charges were brought against the offending persons.
10. On or about the morning of April 23, 2010, Officer Flynn received a complaint of a dispute at the Decedent's house between the Decedent and the Personal Representative, who was his life partner of over thirty years. The dispute also involved their adult son.
11. Later in the morning of April 23, 2010, Officer Flynn visited the Personal Representative, who assured him that Neil Begin was not dangerous and that she would be able to talk him out of his present state. She was prevented by the Officer from attempting to diffuse the situation.
12. On or about 11:00 a.m. on April 23, 2010, the three above mentioned officers went to the residence of Neil Begin at 111 Caribou Road in Cyr Plantation. At that time, the Decedent was home alone in his own house.
13. The Officers attempted for a very brief time (a few minutes) to try to convince Neil Begin to come out of his house, which Mr. Begin did not do.
14. The three officers broke into the Decedent's house and proceeded to fire several shots at the Decedent, who did not fire a gun or have a loaded gun with him. After the Decedent was grievously wounded, the officers again fired another volley of shots, which terminally injured the Decedent, who died several hours later in the early morning hours at the Eastern Maine Medical Center in Bangor, Maine on April 24, 2010.

15. The Decedent lived in a mobile home in the country and the only entrance or exit to the house was the front door. The Decedent had no means of escaping the officers and did not attempt to do so.
16. The officers made no effort to diffuse the situation by attempting to talk the Decedent out of the house over time, or to have his life partner attempt to talk with him. No tear gas or other disarming agents were used by the State and Federal government officers, but only deadly force.
17. The Decedent suffered conscious pain and suffering after the first volley of shots and up until the time of his death many hours later.
18. No attempt was made by law enforcement officers to use non-lethal force to subdue or incapacitate Neil Begin.
19. No other forms of non-lethal force equipment, including Tasers or capture nets, were made available to officers or deployed at the scene by the officers.
20. Upon information and belief, none of the officers or their supervisors at the scene instructed the officers at the scene with respect to restrictions or parameters on the use of lethal force, including the circumstances under which they were authorized to use lethal force and the types of non-lethal force they were required to employ before resorting to lethal force.
21. Upon information and belief, the three officers and their agencies did not have adequate or appropriate policies in place and did not adequately train its police officers with respect to use of non-lethal tactics and methods for taking into protective custody qualified individuals with physical and mental disabilities such as Neil Begin.

## CAUSES OF ACTION

### COUNT I
### (Violation of 42 U.S.C. sec. 1983)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.
23. Defendants State of Maine, U.S. Customs and Border Protection, Officer Robert Flynn, Officer Robert Kipler, and Officer Rick Romann intentionally committed acts and omissions, while acting under color of state and federal law, that violated Neil Begin's clearly established constitutional rights, including his right to bear arms, his right to be free from unreasonable searches and seizures, and his right to be free from use of excessive force in the conduct of a search or seizure, which rights are guaranteed under the Second, Fourth and Fourteenth Amendments of the United States Constitution.
24. The policies and customs of the U.S. Customs and Border Protection and the State Police and policymakers comprised a significant cause of, and moving force behind, the constitutional and statutory violations at issue.
25. At all relevant times, the State Police and U.S. Customs and Border Protection acquiesced in a police custom, culture and/or policy that violated the clearly established constitutional and statutory rights at issue.
26. The State Police and the U.S. Customs and Border Protection maintained inadequate hiring, training, management, supervision and disciplinary policies to minimize the risk that the clearly established constitutional and statutory rights at issue would be violated.
27. The State Police and U.S. Customs and Border Protection acted with reckless, callous or deliberate indifference towards the clearly established constitutional and statutory rights of Neil Begin.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a. All damages available under the law and/or damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.
b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.
c. An award of pre-judgment interest from the earliest date allowable by law at the rate allowable by law.
d. Costs and attorney's fees to the extent allowable under 42 U.S.C. sec. 1988.
e. Such other and further relief as this Court deems just and proper.

**COUNT II**
**(Violation of Maine Civil Rights Act, 5 M.R.S.A. sec. 4682)**

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.
29. Defendants' actions constituted intentional interference by physical force or violence with Neil Begin's constitutional rights including his right to life and liberty, his right to bear arms, his right to be free from unreasonable searches and seizures, and his right to be free from use of excessive force in the conduct of a search or seizure, which rights are guaranteed under Secs 1, 5, and 16 of the Constitution of Maine, under the Maine Civil Rights Act, 5 M.R.S.A. sec. 4682, and under the aforementioned provisions of the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a. All damages available under the law and/or damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff and the Estate of Neil Begin.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law.

d. Costs and attorney's fees to the extent allowable under 5 M.R.S.A. sec. 4683.

e. Such other and further relief as this Court deems just and proper.

**COUNT III**
**(Battery)**

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendants caused physical contact with Neil Begin in an offensive and harmful way.

32. Defendants' actions were unlawful, reckless, wanton, disproportionate to the amount of force necessary to perform their duties, outside the scope of their discretionary function, and otherwise done in bad faith.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a. All damages available under the law and/or damages deemed reasonable by the trier of facts sufficient to compensate the Plaintiff and the Estate of Neil Begin.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.
c. An award of pre-judgment interest from the earliest date allowable by law at the rate allowable by law.
d. Costs and attorney's fees to the extent allowable by law.
e. Such other and further relief as this Court deems just and proper.

**COUNT VI**
**(Title II of Americans With Disabilities Act)**

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint.
34. Neil Begin was a qualified individual with a disability within the meaning of 42 U.S.C. sec. 12132, in that he had physical and mental disabilities, which substantially limited him, and he should not have been denied the benefits of the State of Maine and U.S. Customs and Border Protection, on the basis of his disability.
35. By failing to reasonably modify its rules, policies and practices for taking qualified individuals with mental disabilities into protective custody in a manner that minimized the risk of harm to them, Defendants violated Title II of the Americans With Disabilities Act.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff the following relief:

a. All damages available under the law and/or damages deemed reasonable by the trier of facts sufficient to compensate the Plaintiff and the Estate of Neil Begin.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.
c. An award of pre-judgment interest from the earliest date allowable by law at the rate allowable by law.
d. Costs and attorney's fees to the extent allowable by law.
e. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated at Caribou, Maine, this 2nd day of August, 2011.

/s/ Peter S. Kelley
PETER S. KELLEY, ESQ.
ATTORNEY FOR PLAINTIFF
P.O. BOX 66
CARIBOU, ME 04736
Maine Bar # 1940
207-498-2581
psk@kelleyleger.com