**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **SANDRA PARENT, in her capacity as Personal Representative of the ESTATE OF NEIL BEGIN** | ) | |
| **v.** | ) | **Case No. 1:11-cv-295-GZS** |
| **U.S. CUSTOMS & BORDER PROTECTION, STATE OF MAINE, OFFICER ROBERT FLYNN, employee of the State of Maine, and U.S. Border Patrol Officers, Robert Kipler, and Rick Romann.** | ) | |

**CONSENT MOTION FOR SUBSTITUTION**
**AND INCORPORATED MEMORANDUM OF LAW**

The Federal Defendants (the United States of America, United States Customs & Border Protection, and United States Border Patrol Officers Robert Kipler and Rick Romann) respectfully request that the United States be substituted as the proper party Defendant for Officers Kipler and Romann with respect to Count II (which asserts the Maine Civil Rights Act) and Count III (which asserts common law battery).

Pursuant to 28 U.S.C. § 2679(b)(1), the Federal Tort Claims Act provides the exclusive remedy for claims based on the conduct of a federal employee acting within the scope of his or her employment. Pursuant to 28 U.S.C. § 2679(b)(2), there are limited exceptions for claims based on either the United States Constitution or a federal statute that provides for individual federal employee liability. Pursuant to 28 U.S.C. § 2679(d)(1), upon the government's scope of employment certification, the United States should be substituted as the proper party defendant, subject to the Court's judicial review responsibilities. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 436-37 (1995).

In this case, substitution is appropriate because Counts II and III assert claims based on the conduct of federal employees that are governed exclusively by the Federal Tort Claims Act. Neither Count I nor Count II asserts a Constitutional or federal statutory claim that might qualify for an exception that would allow for individual federal employee liability. Moreover, as set forth in the attached certification, and consistent with the Court's judicial review responsibilities, Agents Kipler and Romann were indeed acting within the scope of their federal employment. In addition, Plaintiff does not object to this motion.

Accordingly, for the foregoing reasons, the Court should dismiss Counts II and III as against Agents Kipler and Romann and substitute the United States as the proper party Defendant. Relatedly, to avoid redundancy, the Court should also dismiss Counts II and III as against the agency (United States Customs & Border Protection) because the United States is the property party Defendant pursuant to the Federal Tort Claims Act.

Respectfully submitted,

Dated: February 9, 2012

Thomas E. Delahanty II
United States Attorney

/s/ Evan J. Roth, AUSA
U.S. Attorney's Office
100 Middle Street
Portland, Maine 04101
Evan.Roth@usdoj.gov
207-780-3257

TONY WEST
Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch

ANDREA W. MCCARTHY
Senior Trial Counsel, Torts Branch
JAMES R. WHITMAN
Trial Attorney

United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4169
Fax: (202) 616-4314
E-mail: james.whitman@usdoj.gov
D.C. Bar No. 987694
Attorneys for the Federal Defendants

**Certificate of Service**

I, Evan Roth, AUSA, hereby certify that, on February 9, 2012, I filed the foregoing on the Court's ECF service, which will provide electronic notice to the following:

Peter S. Kelley, Esq.
P.O. Box 66
Caribou, Maine 04736
psk@kelleyleger.com

William R. Fisher
Assistant Attorney General
Office of the Attorney General
Six State House Station
Augusta, Maine 04333
william.r.fisher@maine.gov

/s/ Evan J. Roth, AUSA